UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TAMMY TOOMBS** <br><br> **vs.** <br><br> **STANDARD INSURANCE COMPANY** | **CIVIL ACTION NO:** <br><br> **19-cv-01796** <br><br><br> **NOVEMBER 13, 2019** |

## COMPLAINT

COMES NOW, Plaintiff, Tammy Toombs, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Tammy Toombs, ("Plaintiff") was and still is a resident of the State of Kentucky.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Standard Insurance Company ("Standard") or ("Defendant") is a for-profit corporation incorporated under the laws of the State of Oregon with a principal place of business at 900 SW Fifth Avenue, Portland, Oregon 97204-1282.

3. Defendant may be found in the District of Connecticut.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29

1

U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5.     Venue in the District of Connecticut is appropriate because Defendant is found in this judicial district.

6.     Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

7.     At all relevant times hereinafter mentioned, Plaintiff was an employee of Vascor Transport Group. ("Vascor").

8.     At all relevant times hereinafter mentioned, Plaintiff worked as General Freight Dispatcher for Vascor.

9.     During Plaintiff's employment with Vascor, Defendant issued long term disability group policy No. 153554 (hereinafter "the Policy").

10.    At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Vascor employees in exchange for the payment of premiums by Vascor and/or the employees.

11.    At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to Vascor.

12.    Said policy issued to Vascor provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to injury or sickness.

13.    According to the Policy, an insured employee is considered disabled if due to

sickness or injury he or she is not able to perform his or her own occupation for a period of 24 months.  After the first 24 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any occupation.

14. On or about September 30, 2016, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15. Plaintiff's disability is caused by, among other things, insulin dependent Type II diabetes, coronary artery disease, chronic pain secondary to arthritis, lumbar degenerative disc disease with radiculopathy, fibromyalgia, neuropathy, dyspnea, and chronic obstructive pulmonary disease that requires her to use two inhalers and give herself nebulizer treatments four times per day.

16. Plaintiff filed an application for long term disability benefits with a date of disability of September 30, 2016.  Subsequently, Defendant approved the Plaintiff's application for long term disability benefits.  Plaintiff began receiving long term disability benefits from Defendant on December 30, 2016; once the 90 day elimination period required by the policy had been completed.

17. On January 24, 2019, Defendant issued a letter to Plaintiff terminating her long term disability benefits effective December 29, 2018.

18. Plaintiff filed an administrative appeal of the denial of her long term disability benefits.

19. In response to Plaintiff's administrative appeal, Defendant issued a letter, dated August 14, 2019, that closed her claim but stated that the date of the termination of her

LTD benefits was being changed from December 29, 2018 to February 13, 2019.

20. Subsequent to the August 14, 2019 letter, Defendant paid retroactive LTD benefits to Plaintiff for the period between December 29, 2018 and February 13, 2019.

21. The defendant's August 14, 2019 letter denied Plaintiff's claim based on a rationale that is different from the rationale used in its original termination of benefits letter dated January 24, 2019.

22. Defendant closed Plaintiff's appeal on August 14, 2019 without allowing her an opportunity to respond to its new rationale for denying benefits.

23. Defendant closed Plaintiff's appeal without providing her for an opportunity for a full and review in violation of ERISA.

24. As of this date, Plaintiff continues to be disabled in that as a result of her medical conditions she is unable to perform any gainful occupation.

25. Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff since February 13, 2019 and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

26. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

27. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

28. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

29. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including

but not limited to, the failure to perform a medical examination of Plaintiff, the refusal to consider Plaintiff's credible subjective complaints on her ability to work, the failure to consider rebuttal evidence and the reliance upon a selective review of medical records to reach a result oriented claim determination.

30. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

31. Plaintiff has exhausted all administrative appeals and remedies to the extent they are provided under the law.

32. Plaintiff is entitled to a de novo review of her claim.

WHEREFORE, Plaintiff Tammy Toombs prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform any occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress

Defendant's violation of the terms of the Policy;

e)      Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)      Such other and further relief as the Court may deem just and proper.

        PLAINTIFF

        /S/_Iván A. Ramos
Iván A. Ramos (ct#14122)
RamosLaw, LLC
255 Main Street, Suite 401
Hartford, Connecticut 06106
Tel. (860) 519-5242
Fax. (860) 838-6403
ivan@ramosdisability.com